UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-CR-20604-LENARD

UNITED STATES OF AMERICA,

v.

KISHA SINGLETARY,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE (DE: 69)

Defendant Kisha Singletary, ("Defendant") has filed a motion, *pro se*, asking this Court to reduce her sentence and immediately release her from custody, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE: 69). Defendant requests immediate release on the grounds that she alleges that she was sexually assaulted by a correctional officer in 2016. The United States respectfully opposes the motion and requests that this Court deny the motion because Defendant has not met her burden of establishing that a sentence reduction is warranted under the statute.

## BACKGROUND

The Defendant pleaded guilty to the single count in a Superseding Information, charging Defendant with Sex Trafficking of a Minor, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(2) on October 15, 2014. (DE: 29). At the change of plea hearing, Defendant executed a plea agreement and a stipulated factual proffer. (DE: 31-32).

Prior to sentencing, the United States Office of Probation prepared the Presentence Investigation Report (PSI) for Defendant. The Defendant received a base offense level of 30, pursuant to USSG § 2G1.3(a)(2); plus two levels for using a computer, pursuant to USSG § 2G1.3(b)(3); and an additional two levels because the offense involved the commission of a sex

act, pursuant to USSG § 2G1.3(b)(4)(A). (PSI at ¶¶ 19-21). This resulted in an adjusted offense level of 34, which was reduced by three points for acceptance of responsibility to a total offense level of 31. (Id., ¶¶ 27-29). The Defendant was also found to have a Criminal History Category of III, with four criminal history points. (Id. at ¶ 34). Probation assessed that the Defendant's advisory guideline range was 135-168 months' imprisonment, with a statutory mandatory minimum sentence of ten years' imprisonment. (Id. at ¶ 88).

Defendant filed a motion for a downward departure prior to the sentencing hearing. (DE: 36). At the sentencing hearing on January 6, 2015, the Court sentenced the Defendant to a sentence below the advisory guideline range at 126 months' imprisonment, twenty years' supervised release, and a $100 fine. (DE: 37-38).

Defendant filed a Motion to Vacate Sentence on December 29, 2015 (DE: 46), which the Court denied on March 1, 2016. (DE: 47). Defendant filed a motion for reconsideration of the judgment on June 30, 2020 (DE: 51), which the Court denied on July 15, 2020. (DE: 52). Defendant then filed an emergency motion for immediate release under the Fifth and Eighth Amendment due to the COVID-19 pandemic on July 29, 2020 (DE: 53), which the Court denied on July 30, 2020 (DE: 54). On November 16, 2020, Defendant filed a motion requesting placement in a Residential Reentry Center (DE: 56), which the Court denied on December 1, 2020. (DE: 57). On November 30, 2021, Defendant filed a motion for compassionate release (DE: 58), which the Court denied on February 2, 2022. (DE: 63). On June 3, 2022, Defendant filed a motion to reduce sentence to time served (DE: 64), which the Court denied on June 7, 2022. On June 28, 2022, Defendant filed a motion to reduce her sentence based upon certifications that she had received (DE: 66), which the Court denied on July 12, 2022. (DE: 68).

Defendant has been incarcerated in the United States in this matter since August 14, 2014.

The Defendant has currently served approximately eighty-eight (88) months of her 126-month sentence, or approximately seventy percent (70%). According to the Federal Bureau of Prisons (BOP) website, the Defendant is scheduled to be released on July 9, 2024.

According to the Bureau of Prisons, Defendant has not filed an administrative request with the Warden for compassionate release. Therefore, Defendant has not yet exhausted the administrative process to file the instant motion. The Bureau of Prisons also provided Defendant's updated disciplinary record, attached as Exhibit A, which shows that Defendant has had additional disciplinary infractions since the government filed its response (DE: 59) to Defendant's motion for compassionate release on November 30, 2021. (DE: 58). The government was waiting to receive information as to the veracity of Defendant's claims of any incidents that occurred at FCI Aliceville, but as of this date, the undersigned has not received any information. However, based upon the legal standards, the government submits that the Defendant's motion should be denied.

## Legal Framework

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in her sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.[1]

## ARGUMENT

This Court should deny Defendant's motion for a reduction in sentence without prejudice because Defendant has failed to exhaust administrative remedies. Should the Court reach the merits of the motion, the Court should deny it with prejudice on either of two independently sufficient grounds. First, Defendant has not established that "extraordinary and compelling reasons" support a sentence reduction; second, Defendant has not met her burden to show that a reduction is warranted in light of the danger that Defendant would pose to the community and the relevant § 3553(a) factors.

### I.     Defendant Has Not Exhausted Administrative Remedies.

This Court lacks authority to act on Defendant's motion for a sentence reduction at this time. As explained above, § 3582(c) requires that a request for a sentence reduction be presented first to BOP for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in court.

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

Section 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [the sentencing court] may reduce the term of imprisonment . . . ." § 3582(c)(1)(A).

Consistent with that principle of finality, § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (i) upon a motion for reduction in sentence under § 3582(c)(1)(A), such as that presented by the defendant; (ii) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); and (iii) where the defendant was sentenced "based on" a retroactively lowered sentencing range, § 3582(c)(2).

Given the plain language and purpose of the statute, the requirements for filing a sentence-reduction motion—including the requirement that a defendant exhaust administrative remedies or wait 30 days before moving in court for a reduction—are properly viewed as mandatory. Section 3582(c) states that a "court may not modify" a term of imprisonment except in enumerated circumstances. 18 U.S.C. § 3582(c). It thus "speak[s] to the power of the court rather than to the rights or obligations of the parties," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (internal quotation marks omitted), delineating "when, and under what conditions," a court may exercise its "'adjudicatory authority,'" *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam)). That conclusion is reinforced by the historical powerlessness of the courts to modify a sentence after the expiration of the term at which it was entered. *See United States v. Mayer*, 235 U.S. 55, 67-69 (1914); *United States v. Welty*, 426 F.2d 615, 617-618 & n.8 (3d Cir. 1970). Section 3582(c) accordingly has been understood as conferring the authority that previously was lacking by providing express statutory authorization to modify otherwise final sentences.

The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule and must be enforced if a party "properly raise[s]" it. *Eberhart*, 546 U.S. at 19 (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a nonjurisdictional but mandatory claim-processing rule). The government raises the rule here, and it must be enforced. *See, e.g., United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015) (recognizing that even if a court has the "power to adjudicate" a motion under § 3582(c)(2), it may lack "authority to *grant* a motion . . . because the statutory criteria are not met") (emphasis in original).

The requirement of a 30-day period to afford BOP the initial review of the defendant's request therefore cannot be excused. Virtually every other reported district court decision agrees with *Raia* and the government here that the 30-day requirement must be enforced. Some courts call the exhaustion requirement "jurisdictional" and others a "statutory case-processing rule." Regardless of the terminology, if raised by the government, a prisoner's failure to exhaust or allow the expiration of the 30-day period, leaves the court without the power to grant the prisoner's motion. *See, e.g., United States v. Zywotko*, 2020 WL 1492900 (M.D. Fla. Mar. 27, 2020).

While Congress indisputably acted in the First Step Act to expand the availability of compassionate release, it expressly imposed on inmates the requirement of initial resort to administrative remedies. And this is for good reason: BOP conducts an extensive assessment for such requests. *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. As the Procedures reflect, the BOP completes a diligent and thorough review, with considerable expertise concerning both the inmate and the conditions of confinement. Its assessment will always be of value to the parties and the Court.

Accordingly, Defendant's motion should be denied without prejudice to refiling once she has exhausted administrative remedies.

## II. The Motion Should Be Denied Because Defendant Has Failed to Present Any "Extraordinary and Compelling Reasons" Warranting a Sentence Reduction.

Defendant's request for a sentence reduction should be denied because Defendant has not demonstrated "extraordinary and compelling reasons" warranting release. As explained above, under the relevant provision of § 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's sole basis for the motion is that she alleges that she was sexually assaulted by a corrections officer while Defendant was incarcerated at FCI Aliceville in 2016.[2]

At this time, the undersigned is still awaiting the Bureau of Prisons response as to any complaint filed by the Defendant or other documentation that supports the Defendant's allegation. However, given Defendant's reliance on the District Court for the Eastern District of Pennsylvania decision in *United States v. Rashidah Brice,* Case No. 13-CR-206-2, issued by United States District Court Judge Brice on December 15, 2022, the government submits that Defendant has failed to meet "extraordinary and compelling reason" for a sentence reduction under § 3582(c).

Since *Brice* was a District Court ruling in a different circuit, it is not controlling precedent for the Court's evaluation. Moreover, the Defendant's situation is distinguishable from the facts in *Brice* in a number of ways. In *Brice*, the parties did not dispute that the sexual assaults occurred, that the correctional officer also sexually assaulted other inmates, and Brice cooperated with the government, including providing grand jury testimony, that led to the prosecution and guilty plea of the corrections officer. *See Brice*, at pp. 4-5. While other cooperating inmates received sentence reductions after the government filed motions under Federal Rule of Criminal Procedure 35(b), the government did not file such a motion for Brice. *Id.* The Court also determined that Brice had mostly minor disciplinary infractions. *Id.* at p. 6. The Court ultimately reduced Brice's sentence

---

2  It should be noted that this is the first time Defendant has raised the alleged incident that Defendant states occurred in 2016, despite the fact that Defendant has filed multiple motions for reduction of sentence and compassionate release.

by thirty (30) months, for a total sentence of 155 months' imprisonment and did not order Brice's immediate release. *Id.* at p. 12.

In the instant case, Defendant alleges that she reported the sexual assault to the facility and was moved to the Special Housing Unit. Defendant states that the culprit was ultimately fired, and she was later transferred from FCI Aliceville to FCI Tallahassee. According to her disciplinary records, Defendant was at FCI Tallahassee by July 2017. Defendant makes no claim to having cooperated with the government in the prosecution of any individuals, and the government has not filed motions for sentence reductions for inmates who were similarly situated. Assuming that Defendant's allegations are true, Defendant's own motion details that the BOP took steps to address the situation by placing Defendant into the Special Housing Unit and then transferring Defendant to another facility.

For these reasons, Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c). The motion should be denied.

### III. The § 3553(A) Factors Strongly Weigh Against Defendant's Release.

Alternatively, Defendant's request for a sentence reduction should be denied because Defendant has failed to demonstrate that she merits release under the § 3553(a) factors.

At the present time, it is apparent that, but for this recently raised allegation, Defendant would present no basis for compassionate release. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* § 3582(c)(1)(A).

Pursuant to the factors enumerated under 18 U.S.C. § 3553(a), the first factor is the nature and circumstances of the offense and the history and characteristics of the Defendant. The Defendant was convicted, after a plea of guilty, of sex trafficking of a minor. Although the Defendant was twenty-years' old at the time, the nature and circumstances of the offense certainly warranted a 126-month sentence of imprisonment.

The second factor is the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational training, medical care, or other correctional treatment. Certainly, this Court at sentencing found that participating in the sex trafficking of a minor was serious, and a sentence of 126 months' imprisonment was deemed as appropriate punishment for Defendant's relevant conduct.

None of this has changed, and Defendant has provided no change in circumstances to warrant a reduction in this case. Moreover, Defendant has continued to commit disciplinary infractions, even while at FCI Tallahassee. Since being transferred to FCI Tallahassee, the Defendant has been cited for fighting with another person on three separate occasions, assault without injury on another occasion, using obscene/abusive language, phone abuse, lying or falsifying statement, and disruptive conduct. Her most recent infraction occurred on December 14, 2022. See Exhibit A.

Accordingly, in light of Defendant's record and the totality of relevant circumstances, this Court should deny the motion for a sentence reduction.

## CONCLUSION

WHEREFORE, the government submits that Defendant's Motion for a sentence reduction (DE: 69) should be DENIED at this time.

                                   Respectfully submitted,

                                   MARKENZY LAPOINTE
                                   UNITED STATES ATTORNEY

By:   */s/ Brian Dobbins*
       Brian Dobbins
       Assistant United States Attorney
       Court No. A5501182
       99 N.E. 4th Street
       Miami, FL 33132
       Tel# (305) 961-9304
       Fax: (305) 536-4676
       Brian.Dobbins@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that I mailed a copy to:

Mr. Kisha Singletary, *pro se*
Reg. # 06635-104
FCI-Tallahassee
P.O. Box 5000
Tallahassee, FL 32314

/s/ Brian Dobbins
Brian Dobbins
Assistant United States Attorney